UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 11-CR-20879-SCOLA/12-CR-20419-SCOLA

UNITED STATES OF AMERICA,

Plaintiff,

V.

ANTON ARVON JOHNSON,

Defendant.

_______________________________________/

**SENTENCING MEMORANDUM FOR ANTON ARVON JOHNSON**

The defense respectfully submits this document to aid the Court's determination of an appropriate sentence for Mr. Anton Arvon Johnson (hereinafter "Mr. Johnson"). This memorandum is a request for a variance, pursuant to *United States v. Booker*, 553 U.S. 220 (2005), below the bottom of the United States Sentencing Guidelines. The factors delineated in 18 U.S.C. § 3553(a) provide the Court with a basis to sentence Mr. Lake to below the bottom of his guidelines range.

The defense seeks a sentence "sufficient but not greater than necessary" to accomplish the stated goals [in §3553(a) (2)]. There is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" [§3553(a) (6)], and the need "to promote respect for the law, and to provide just punishment for the offense" [§3553(a) (2) (A)]. *United States v. Ranum*, 353 F.Supp.2d at 987 (E.D.Wisc. 2005). Reasonableness is the over-arching factor to determine a sentence and the guidelines are only one element of determining what is reasonable. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).

The standards governing departures do not bind a district court when employing its discretion with respect to variances. *United States v. Chase*, 560 F.3d 828 (8th Cir. 2009). Courts have reduced sentences by up to a third and this has been found reasonable. *United States v. Jenkins*, 537 F.3d 1(1st Cir. 2008). Up to an eight level departure downward from the guidelines has been deemed reasonable. *United States v. Menyweather*, 431 F.3d 692 (9th Cir. 2005).

**1. The Nature and Circumstances of the Offense**

The Defendant was a pilot hired as a private contractor by drug organizations to assist in the transportation of narcotics from South America to Central America and the Caribbean. In case 12-20419, he actually transported a shipment of narcotics from Venezuela to Honduras. In case 11-20879, he entered into a conspiracy to transport narcotics from South America to the Bahamas and eventually to the United States.

The government did not provide the Defendant with any evidence in its discovery packet illustrating that the Defendant was otherwise involved in the sale, purchase or distribution of narcotics. The Defendant's role was exclusively to transport the shipments for a fee. He was not involved in the actual distribution of the narcotics. Neither did the Defendant utilize or possess any weapons during the commission of these offenses. There is no evidence that the Defendant is affiliated with any gang.

According to Attorney General Holder, the United States Attorney's Office should be "'reserving the most severe penalties for dangerous and violent drug traffickers….'" See *the Washington Post*, March 12, 2014 – Holder Calls for Reduced Sentences for Low-Level Drug Offenders. Furthermore, in August of 2013 the Attorney General also "announced that low-level

nonviolent drug offenders with no connection to gangs or large-scale drug organizations would not automatically be charged with offenses that call for sever mandatory sentences." *Id.*

A seven-member panel of the United States Sentencing Commission has recently recommended that the federal sentencing guidelines on drug cases be reduced by two-points. Attorney General Holder has further informed his prosecutors that even while awaiting passage of these Amendments to the sentencing guidelines, they should not oppose the shorter sentences based on this two-point reduction when requested by the defense.

In the case at bar, the Defendant is a nonviolent drug offender. He is not affiliated with any gangs. Although he is affiliated with large-scale drug organizations, he was only a contract worker for them in his capacity as a pilot. In short, he is not in that group of "dangerous and violent offenders" which the United States needs to punish the most severely.

**2. <u>The History and Characteristics of the Defendant</u>**

Mr. Johnson is an educated man with many skills. He has worked in the Reggae music industry for many years in the Bahamas, Jamaica, Haiti and Columbia. He has been a pilot for over thirty years and is viewed in his home country as an expert in the field of aviation. He has worked as both an automotive mechanic as well as an aviation mechanic. He has a working knowledge of Spanish from his many years traveling in Latin American countries.

Mr. Johnson is a family man. He devoutly cares for his mother, Faye Brown, while in the Bahamas. He maintains close familial relations with his five siblings, his thirteen offspring and many cousins. He is well known in his hometown of George Town Exuma, Bahamas. One of the exhibits we are attaching to this sentencing memorandum is a letter from a law firm in the

Bahamas. It states that Mr. Johnson “has financially helped many persons and is always willing to participate in any community building efforts.”

Mr. Johnson does not have any prior convictions of any kind in any jurisdiction. We have also attached a copy (obtained by his family in the Bahamas) of Mr. Johnson’s official criminal history from the Royal Bahamas Police Force. It certifies that Mr. Johnson has not been convicted of any criminal offences in their jurisdiction. The letter is dated May 14th, 2014.

**3. <u>The Need to Reflect the Seriousness of the Offense, to Promote Respect for the law, to Provide Just Punishment and to Afford Adequate Deterrence and to Protect the Public</u>**

Mr. Johnson has now been apart from his family (and his freedom) for almost two full years. This period of incarceration has changed Mr. Johnson. He no longer wishes to participate in the drug trade. He has many other skills to utilize for money and will not have to go back to his illegal endeavors. He will be able to find work as a musician or as a mechanic upon his release from prison. It will not be necessary for the public to be protected any longer against Mr. Johnson’s criminal behavior. He is now in his mid-50’s and suddenly in jail for the first time in his life.

Mr. Johnson has already shown his respect for the law by pleading guilty in a timely manner and attending two debriefings with the government. He did not waste the court’s time and decided to move forward with his life and accept his fate. In regards to the punishment, sentencing Mr. Johnson to the guidelines would result in an excessive punishment based on his actual involvement in these cases. He was neither the supplier of the narcotics nor was he the

eventual distributor of them. He was the hired contractor utilized to ship the narcotics from point A to point B. A sentence in excess of ten (10) years would be unjust in this particular case.

The Defendant's mother is elderly and although she is presently in good health, the Defendant is very concerned with how her health will hold up if he has to stay in prison for too long. He is extremely close with his mother and wishes to assist her just as they assisted him as a youth. Moreover, Mr. Johnson is concerned with an extended period of time away from his children.

**4. Conditions of Pre-Sentence Confinement while the Defendant was Awaiting Extradition from Panama to the Southern District of Florida**

In *United States v. Pressley*, 345 F.3d 1205, 1218 (11th Cir. 2003), the Court said "the district court was correct in holding that conditions of confinement could provide a basis for departure, since this factor was apparently not taken into account by the Sentencing Commission and could be unusual enough to take a case out of the heartland of the applicable guideline." Accordingly, beyond the factors considered under § 3553, we are asking for a variance based on the conditions Mr. Johnson was subjected to while in the Panamanian prison system awaiting his eventual extradition to the Southern District of Florida.

We have attached four (4) photographs to this sentencing memorandum from Mr. Johnson's time in the Panamanian prison. In brief, Mr. Johnson had to endure eighteen (18) months of horrible conditions. He slept on cardboard on top of metal grates. He was fed only once a day, but because of his Rasta diet, he would only eat the food provided two to three times per week. He had no toothpaste or tooth brush. He had no soap for bathing. All his bathing was done with rain water collected in bins. He was subjected to frequent pepper spray attacks by the

prison guards. He fell and lost a front tooth during his confinement in Panama. The conditions were deplorable and fell short of international standards of decency.

5. **Conclusion**

We are respectfully requesting that the Court vary downward and sentence the Defendant to a period below the sentencing guideline range of 168 months to 210 months in federal prison. Given the history and characteristics of the Defendant, his cooperation with the government, his remorse and the conditions he was subjected to prior to his arrival in the United States, we believe a sentence below the guideline range would still be sufficient after review of the sentencing factors under § 3553(a).

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed, sent via CM/ECF this 16th day of May, 2014 to Kurt Lunkenheimer, Esq. and Sharad Motiani, Office of the United States Attorney, 99 NE 4th Street, Miami, Florida, 33132; and Probation Officer Marilys Martinez, United States Probation Office, 400 North Miami Avenue, Miami, FL 33128.

Respectfully submitted,

**CHRISTIAN DUNHAM, P.A.**
**Attorney for Anton Johnson**
40 NW 3rd Street – PH1
Miami, FL 33128
Tel: 305-374-7473
Fax: 305-374-3985
*S Christian Dunham*_____
CHRISTIAN DUNHAM
Florida Bar No. 0146587