IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by \_PG\_ D.C.
APR 2 0 2015
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. - MIAMI

## 15-CV-21467-Scola/White

ANTON ARVON JOHNSON, )
      Petitioner, )
  )
v. ) Case Number: 11-20879-CR-SCOLA-4
  )
UNITED STATES OF AMERICA, )
      Respondent. )

**PETITIONER'S BRIEF
IN SUPPORT OF
MOTION UNDER 28 U.S.C. §2255
TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN
FEDERAL CUSTODY.**

Comes now the defendant, Anton Arvon Johnson, pro se and without the benefit of counsel, prays this court to construe this pleading liberally and hold it to a less stringent standard than formal pleading to state valid claims on which litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. **Boag v. MacDougall, 454 U.S. 36470. L. 2d. 551, 102 S. Ct. 700(1982).**

April 01, 2015.


## GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO FILE A NOTICE OF APPEAL.


### ARGUMENT AND AUTHORITIES.

The Sixth Amendment to the United States Constitution guarantee that criminal defendants are entitled to the assistance of counsel in presenting their defense. The right to counsel is a fundamental right of criminal defendant, it assures the fairness, and thus the legitimacy of our adversary process. **Kimmelman v. Murrison, 477 U.S. 365, 374(1986).** Furthermore, the U.S. Supreme Court has recognized that the effective assistance of counsel. **Mcmann v. Richardson 397 U.S. 759, 771(1970).** To succeed on a claim of ineffective assistance of counsel, a defendant must show that his counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. **Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2055, 2063(1984).** In order to prevail on an ineffective assistance of counsel claim, the defendant must satisfy Strickland's two-prong test, demostrating that the representation received fell below an objective standard of reasonableness and a reasonable probability that but for counsel's unprofessional errors, the results of the proceedings would have been different. **Strickland, 466 U.S. at 688, 694, 104 S. Ct. at 2065, 2068.** But the prejudice that must be shown

-1-

need not be anything more than something as small as one additional day in jail. See: **Glover v. United States 531, U.S. 198, 204, 121 S. Ct. 696, 701(2001).** It is client's right to expect that his lawyer will use every skill, expend every energy and tap every legitimate resource in the exercise of independent professional judgment on behalf of the client and in undertaking representation of the client? Interest. **Frazer v. United States 18 F. 3d 778, 785 (9th Cir. 1994).** Defense Counsel must do his utmost to bring his legal acumen to bear on behalf of the dfendant, keep the defendant fully informed of developments in the case and consult with the defendant on all major decisions to be made; conduct a reasonable pre-trial investigation, which should include contacting potential witness; prepare adequately and professionally for trial, conduct the trial to the best of his ability, and at the bottom serve as a vigorous and devoted advocate of the defendant's cause. **United States Ex. Rel. Partee v. Lane, 926 F. 2d 694, 702 (7th Cir. 1991).** The right to counsel extends to appeals. A defendant in a criminal case has a sixth amendment right to the effective assistance of counsel on direct appeal. see: **Evitts v. Luceu, 469 U.S. 387, 406, 83 L. Ed 821, 105 S. Ct. 830(1985); Douglas v. California, 372 U.S. 353, 83 S. Ct. 814(1963)** (an accused is entitled to assistance of counsel on an appeal as a matter of right). The test to establish a claim that apellate counsel was ineffective for failing to pursue a claim on direct appeal, is the same Strickland Standard. see : **Smith**

-2-

U.S. at 688, 694. See: **Smith v. Robbins, 528 U.S. 259, 120 S. Ct. 746, 145. L. Ed. 2d. 756(2000)** (holding that a habeas applicant must demonstrate).That counsel was objectively unreasonable in failing to file a merit brief addressing a non-frivolous issue and that there is a reasonable probability that but for his counsel's unreasonable failure he would have prevailed on his appeal. It is the defendant not the attorney, who has ultimate authority to make the fundamental decision whether to take an appeal. **Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L. Ed. 2d. 987(1983).** A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a professionally unreasonable manner. See: **Roe v. Flores-Ortega, 528 U.S. 470, 476-477(2000).** The Flores-Ortega court found that even where a defendant neither instructs counsel to file an appeal nor aks that an appeal not be taken, the attorney could nevertheless be found to have provided deficient performance based on the facts of the case. Id. at 478. Counsel's failure to file a notice of appeal cannot be considered a strategic decision, filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes. **Flores-Ortega, 528 U.S. at 476-77.** It is now generally accepted that counsel's failure to file a notice of appeal, either when expressly requested to do so by the client has not consented to the failure, constitutes ineffective assistance of counsel. **Chance v. United States, 103, F. 3d. 128 (6th Cir. 1996),** citing **United States v. Peak, 992, F. 2d. 39, 42 (4th Cir. 1993).** Other circuits hold

-3-

similarity. **United States v. Stearns, 883 F. 2d. 645, 648-49 (8th Cir. 1989).** In fact several courts have held that such a failure is a deprivation, not of the effective assistance of counsel, but of any assistance of counsel on appeal. **Chance 103 F. 2d. 128,** citing **United States v. Nagib, 56 F. 3d. 798, 801 (7th Cir. 1995), United States v. Tajeddini, 945, F. 2d. 458, 466 (1st Cir. 1991).** An attorney's failure to file an appeal after the defendant request's him to do so, entitles the defendant to file a late appeal. **Montemoino v. United States, 68. F. 3d. 416, 417 (11th Cir. 1995).**

-4-

## CONCLUSION.

Wherefore, The petitioner prays upon this court to grant the relief by granting him to file a late appeal, due to his counsel failing to file a notice of appeal.
If the court deems it appropiate to hold an evidentiary hearing in this matter. The record will show to this court the counsel of record in this case, never file a notice of appeal when petitioner asked him to do so.

## CERTIFICATE OF SERVICE.

I, **Anton Arvon Johnson** hereby certify that a true and accurance copy of the foregoing motion, label Under §2255 Motion. It was placed in the U.S. Mail, postage prepaid and send to the Clerk of the Court at the Southern District of Florida in Miami Division.

Respectfully submitted this 7th day of April    2015.

Anton Arvon Johnson
REG.# _____
D. RAY JAMES C.F.
P.O. BOX 2000
FOLKSTON, GA 31537