```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                           MIAMI DIVISION

                    Cases 11-20879-CR-SCOLA
                          12-20419-CR-SCOLA


UNITED STATES OF AMERICA,
                                              COURTROOM 12-3
          Plaintiff,
                                              MIAMI, FLORIDA
     vs.
                                              FEBRUARY 21, 2014
ANTON ARVON JOHNSON,
                                              (Pages 1 - 19)
          Defendant.
_____

                    TRANSCRIPT OF PLEA COLLOQUY
          BEFORE THE HONORABLE ROBERT N. SCOLA, JR.
                 UNITED STATES DISTRICT JUDGE
_____

APPEARANCES:

FOR THE GOVERNMENT:      KURT K. LUNKENHEIMER, A.U.S.A.
                         United States Attorney's Office
                         99 N.E. 4th Street
                         Miami, FL  33132         305.961.9008
                         kurt.lunkenheimer@usdoj.gov



FOR THE DEFENDANT:       CHRISTIAN SCOTT DUNHAM, ESQ.
                         Christian Dunham, P.A.
                         40 NW 3rd Street, Penthouse 1
                         Miami, FL 33128          305.374.7473
                         dunhamlawfirm@yahoo.com


REPORTED BY:             JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRR
                         Official United States Court Reporter
                         Federally Certified Realtime Reporter
                         Wilkie D. Ferguson Jr. U.S. Courthouse
                         400 North Miami Avenue, Suite 12-3
                         Miami, FL  33128         305.523.5148
                         josephamillikan@gmail.com
```

# TABLE OF CONTENTS

| | Page |
|---|---|
| Reporter's Certificate | 19 |

| | | |
|---|---|---|
| 14:37:46 | 1 | THE COURT: Everybody ready for the Anton Johnson case |
| 14:37:48 | 2 | or do you need some more time? |
| 14:37:50 | 3 | MR. DUNHAM: We are ready, Your Honor. |
| 14:37:51 | 4 | MR. LUNKENHEIMER: The Government is ready, Your Honor. |
| 14:37:52 | 5 | THE COURT: All right. This is United States of |
| 14:37:53 | 6 | America v. Anton Arvon Johnson. Could you state your |
| 14:37:57 | 7 | appearances, please? |
| 14:37:58 | 8 | MR. LUNKENHEIMER: Kirk Lunkenheimer on behalf of the |
| 14:38:01 | 9 | United States, Your Honor. Good afternoon. |
| 14:38:02 | 10 | THE COURT: Good afternoon. |
| 14:38:04 | 11 | MR. DUNHAM: Christian Dunham on behalf of the Anton |
| 14:38:07 | 12 | Johnson who is present before the Court. |
| 14:38:09 | 13 | THE COURT: Good afternoon, Mr. Johnson. |
| 14:38:11 | 14 | THE DEFENDANT: How are you doing, sir? |
| 14:38:13 | 15 | THE COURT: Okay. |
| 14:38:13 | 16 | It is my understanding that Mr. Johnson wishes to |
| 14:38:15 | 17 | change his plea this afternoon; is that correct? |
| 14:38:17 | 18 | MR. DUNHAM: Yes, Your Honor. |
| 14:38:18 | 19 | THE COURT: Mr. Johnson, if you could please stand up |
| 14:38:20 | 20 | and raise your right hand to be sworn. |
| 14:38:22 | 21 | [The defendant was sworn by the clerk at 2:38 p.m.] |
| 14:38:29 | 22 | THE DEFENDANT: Yes, I do, sir. |
| 14:38:31 | 23 | MR. HASBUN: Thank you. Please be seated. |
| 14:38:35 | 24 | BY THE COURT: |
| 14:38:35 | 25 | Q. All right. Tell us your full name, please? |

| | | |
|---|---|---|
| 14:38:37 | 1 | A.  My full name is Anton Arvon Johnson. |
| 14:38:42 | 2 | Q.  Mr. Johnson, do you understand that you are now under oath |
| 14:38:45 | 3 | and if you answer any of my questions falsely, those answers |
| 14:38:49 | 4 | could later be used against you in another prosecution for |
| 14:38:53 | 5 | perjury or making a false statement? |
| 14:38:55 | 6 | A.  Yes, I do. |
| 14:38:55 | 7 | Q.  How old are you? |
| 14:38:57 | 8 | A.  52, sir. |
| 14:38:58 | 9 | Q.  And how many years of schooling did you complete? |
| 14:39:01 | 10 | A.  Up until I was about 18 years old, sir. |
| 14:39:04 | 11 | Q.  Are you able to read and write in English? |
| 14:39:07 | 12 | A.  Yes, sir, very well. |
| 14:39:09 | 13 | Q.  All right.  And have you ever been treated for any mental |
| 14:39:12 | 14 | illness or for any addiction to narcotic or prescription drugs |
| 14:39:16 | 15 | or for alcohol abuse? |
| 14:39:20 | 16 | A.  Never been treated but I had an alcohol problem and a drug |
| 14:39:29 | 17 | problem about five years ago, sir. |
| 14:39:30 | 18 | Q.  All right.  How long have you been in custody? |
| 14:39:33 | 19 | A.  I have been in custody now going on 20 months, from June 26, |
| 14:39:42 | 20 | 2012 until now. |
| 14:39:43 | 21 | Q.  All right.  And when you were abusing drugs, what was the |
| 14:39:46 | 22 | drug or drugs that you were abusing? |
| 14:39:49 | 23 | A.  I snorted cocaine and drink red wine. |
| 14:39:54 | 24 | Q.  All right.  Since you have been in custody? |
| 14:39:55 | 25 | A.  None of that, sir. |

| | | |
|---|---|---|
| 14:39:56 | 1 | Q. Okay. And have you had any medications, drugs or alcohol or |
| 14:40:00 | 2 | narcotics in the past 48 hours? |
| 14:40:04 | 3 | A. No, sir. I have taken high blood pressure pills, but I |
| 14:40:08 | 4 | haven't taken them since last night. |
| 14:40:10 | 5 | Q. Okay. And my next question: You are being treated by a |
| 14:40:14 | 6 | doctor for high blood pressure? |
| 14:40:15 | 7 | A. Yes, sir. |
| 14:40:15 | 8 | Q. Any other conditions? |
| 14:40:18 | 9 | A. No, sir. I have got an implant in my right hip that is |
| 14:40:26 | 10 | paining but that is it. |
| 14:40:27 | 11 | Q. Is the pain so severe that you are not able to think clearly |
| 14:40:32 | 12 | today? |
| 14:40:33 | 13 | A. No, sir, never had had that in my life. |
| 14:40:35 | 14 | Q. Okay. What kind of implant did you have? |
| 14:40:38 | 15 | A. Like a hip replacement, a plate, because I was in a car |
| 14:40:42 | 16 | accident and broke my hip bone. |
| 14:40:45 | 17 | Q. All right. Is it a metal one or a ceramic one? |
| 14:40:49 | 18 | A. Titanium done in Jamaica. |
| 14:40:53 | 19 | Q. And have you been following your doctor's instructions in |
| 14:40:55 | 20 | taking your high blood pressure medication? |
| 14:40:57 | 21 | A. Yes, sir. |
| 14:40:58 | 22 | Q. Does it affect your ability to think clearly and understand |
| 14:41:01 | 23 | what is happening in court today? |
| 14:41:03 | 24 | A. No, sir. |
| 14:41:03 | 25 | Q. All right. Do you have the plea agreement and the factual |

| | | |
|---|---|---|
| 14:41:06 | 1 | proffer there in front of you? |
| 14:41:07 | 2 | A. Yes, sir. |
| 14:41:08 | 3 | Q. All right. If you can take a look at the Plea Agreement |
| 14:41:11 | 4 | first and if you turn to Page 9, there is a signature line with |
| 14:41:15 | 5 | your name typed. Is that your signature there? |
| 14:41:18 | 6 | A. Yes, sir. |
| 14:41:18 | 7 | Q. And on the separate document that is called "Factual |
| 14:41:23 | 8 | Proffer," if you turn to Page 3, is that your signature there? |
| 14:41:28 | 9 | A. Yes, sir. |
| 14:41:28 | 10 | Q. Before you signed those two documents, did you read them, |
| 14:41:35 | 11 | understand them and agree to all of the terms and conditions and |
| 14:41:38 | 12 | facts that are in there? |
| 14:41:39 | 13 | A. Yes, sir. |
| 14:41:40 | 14 | Q. Is there anything in either the plea agreement or the |
| 14:41:43 | 15 | factual proffer that you do not understand? |
| 14:41:50 | 16 | A. I spoke to my lawyer and the prosecutor, and I understand it |
| 14:41:57 | 17 | pretty much. It depends on me. |
| 14:42:00 | 18 | Q. What is it that you think you might not understand because |
| 14:42:04 | 19 | let's get it resolved now. |
| 14:42:06 | 20 | A. I am asking him about the maximum time I would be facing |
| 14:42:10 | 21 | after agreeing to this, what would be the maximum time -- |
| 14:42:14 | 22 | Q. Okay. |
| 14:42:14 | 23 | A. -- that I could be expecting. |
| 14:42:16 | 24 | Q. All right. And what did they tell you? |
| 14:42:17 | 25 | A. He said it depends on how truthful I am to you and how you |

```
14:42:26   1  perceive me to be.
14:42:29   2  Q.  Okay.  All right.  And is there anything else about the plea
14:42:32   3  agreement or the factual proffer that you don't understand?
14:42:36   4  A.  No, sir.  Everything -- I understand quite everything.
14:42:39   5  Q.  All right.  Is there anything in the plea agreement or the
14:42:42   6  factual proffer that you do not agree with?
14:42:46   7  A.  No.  I agree with everything.  It's okay.
14:42:50   8  Q.  And prior to today, have you received a copy of the
14:42:54   9  superseding Indictment in the case that is assigned to me, as
14:43:00  10  well as the Indictment in the case that was assigned to Judge
14:43:04  11  Lenard, and have you had a chance to speak to your attorney
14:43:08  12  about the charges in both of those cases, about what type of
14:43:11  13  evidence the Government may have against you and about any
14:43:14  14  possible defenses you may have in those cases?
14:43:19  15  A.  Yes.  I saw them.
14:43:20  16  Q.  All right.  And did you speak to your attorney about those?
14:43:23  17  A.  Yes, sir.
14:43:23  18  Q.  And did you also speak to your attorney about the plea
14:43:25  19  agreement and the decision whether to plead guilty or to go to
14:43:30  20  trial?
14:43:30  21  A.  I spoke to him about that.  Both of them to me were to be
14:43:37  22  the same thing, take a plea or go to trial, probably end up
14:43:41  23  taking the same amount of time if I am free.
14:43:45  24  Q.  All right.  And are you fully satisfied with the
14:43:46  25  representation and advice that has been provided to you by your
```

| Time | Line | Text |
|---|---|---|
| 14:43:50 | 1 | attorney? |
| 14:43:50 | 2 | A.  Yes, sir. |
| 14:43:51 | 3 | Q.  Is there anything concerning his representation or advice |
| 14:43:54 | 4 | that you are not satisfied with? |
| 14:43:57 | 5 | A.  The only thing I was a little skeptical about is the time, |
| 14:44:04 | 6 | that I don't have in my plea agreement a maximum time, a cap on |
| 14:44:08 | 7 | the whole situation. |
| 14:44:10 | 8 | Q.  Well, there is always a cap of the statutory maximum -- |
| 14:44:13 | 9 | A.  Yes, sir. |
| 14:44:13 | 10 | Q.  -- and I can't give you more than that. |
| 14:44:15 | 11 | A.  I understood that but I was expecting -- |
| 14:44:18 | 12 | Q.  And I have to tell you that I have been a judge for not too |
| 14:44:22 | 13 | long, two-and-a-half years, but I was a criminal defense |
| 14:44:26 | 14 | attorney for ten years and represented a lot of people in |
| 14:44:29 | 15 | federal court, and I have never seen a plea agreement where |
| 14:44:32 | 16 | somebody was promised, "This is the most you are going to get." |
| 14:44:35 | 17 |         I have seen that, "We will recommend to the judge that |
| 14:44:39 | 18 | you get no more than X amount of time," but in federal court |
| 14:44:42 | 19 | they can't bind the Court and almost never is there anything in |
| 14:44:44 | 20 | the plea agreement about that. |
| 14:44:46 | 21 | A.  Yes, I understand that, but I am new to this.  This is my |
| 14:44:51 | 22 | first time, so I don't know what to expect.  If you -- |
| 14:44:57 | 23 | Q.  Can you move away from the microphone just a little bit? |
| 14:44:59 | 24 | A.  I don't have a criminal record. |
| 14:45:01 | 25 | Q.  Okay.  Well, that is going to help you when you go to |

| | | |
|---|---|---|
| 14:45:05 | 1 | sentencing. |
| 14:45:06 | 2 | A.  Yes.  If you have my record, my police record is in it.  I |
| 14:45:11 | 3 | don't know anything about court procedures, no more than maybe a |
| 14:45:14 | 4 | traffic ticket. |
| 14:45:15 | 5 | Q.  Okay.  All right.  And do you understand that your sentence |
| 14:45:26 | 6 | is going to be calculated pursuant to the federal sentencing |
| 14:45:31 | 7 | guidelines? |
| 14:45:32 | 8 | A.  Yes, sir, I saw that. |
| 14:45:32 | 9 | Q.  And the way the guidelines work is that certain points are |
| 14:45:35 | 10 | added or subtracted for a number of different reasons.  So, for |
| 14:45:39 | 11 | example, the crime or crimes that you are pleading guilty to |
| 14:45:42 | 12 | give a certain number of points.  If it is a crime involving |
| 14:45:46 | 13 | drugs, the more quantity of the drugs that there are, the more |
| 14:45:51 | 14 | points could be added. |
| 14:45:52 | 15 |         If you accept responsibility, points could be deducted, |
| 14:45:57 | 16 | and so there are those, as well as a number of other factors, |
| 14:46:00 | 17 | that the Court would consider in calculating your guideline |
| 14:46:03 | 18 | score -- |
| 14:46:03 | 19 | A.  Yes, sir. |
| 14:46:04 | 20 | Q.  -- and once I completed that calculation, it would give an |
| 14:46:07 | 21 | advisory sentencing guideline range. |
| 14:46:09 | 22 | A.  Yes, sir. |
| 14:46:10 | 23 | Q.  All right. Do you understand that once I determine that |
| 14:46:13 | 24 | range, I can sentence you to somewhere within the range, but I |
| 14:46:17 | 25 | can also vary or depart and give a sentence that is greater than |

```
14:46:22   1  that, or I can vary or depart and give a sentence that is less
14:46:25   2  than that.
14:46:26   3  A.  Yes, sir.
14:46:28   4  Q.  All right.  And in your plea agreement, you and your lawyer
14:46:31   5  and the Government may have agreed to make certain
14:46:33   6  recommendations to me as to how I should calculate your
14:46:37   7  guideline score.
14:46:38   8         Do you understand that although I will most likely go
14:46:41   9  along with those recommendations, I am not legally obligated to
14:46:45  10  do so.
14:46:46  11  A.  Yes, sir.
14:46:47  12  Q.  And if I calculate your guidelines differently from the way
14:46:50  13  you want me to, that does not give you the right to withdraw
14:46:54  14  your plea.
14:46:56  15  A.  Yes, sir, I understand.
14:46:56  16  Q.  And do you also understand that if your attorney or anyone
14:46:59  17  else has told you what they think your ultimate sentence is
14:47:02  18  going to be, that is just an estimate.  It is not binding on the
14:47:07  19  Court, and it does not give you the right to withdraw your plea
14:47:10  20  if their estimate is incorrect.
14:47:12  21  A.  Yes, sir.
14:47:13  22  Q.  All right.  So let's go over the terms of the plea agreement
14:47:16  23  here in open court to make sure we are all on the same page.
14:47:19  24         Do you understand that you have agreed to plead guilty
14:47:21  25  to Count 1 of the superseding Indictment in Case Number 11-20879
```

```
14:47:29   1  which charges you with a conspiracy to import five kilograms or
14:47:33   2  more of cocaine into the United States, and you have agreed to
14:47:38   3  plead guilty to Count 1 of Case Number 12-20419-CR-Scola which
14:47:46   4  charges you with that same offense.
14:47:48   5            Do you understand that those are the two crimes that
14:47:49   6  you are pleading guilty to?
14:47:55   7  A.  Yes, sir.
14:47:55   8            MR. LUNKENHEIMER:  Excuse me, Your Honor.  The second
14:47:58   9  case is a slightly different offense.
14:48:00  10  BY THE COURT:
14:48:00  11  Q.  Conspiracy to distribute.  The second count you are charged
14:48:05  12  with is a conspiracy to distribute over five kilograms of
14:48:08  13  cocaine which were intended to be imported into the United
14:48:12  14  States.  Do you understand that?
14:48:20  15       [Counsel and the defendant confer sotto voce at 2:48 p.m.]
14:48:23  16  A.  Yes, sir.
14:48:24  17  Q.  Okay.  And the Government will dismiss all the remaining
14:48:30  18  counts against you in both of the cases.
14:48:32  19  A.  Yes, sir.
14:48:34  20  Q.  Even though there are two separate cases, you have agreed to
14:48:38  21  put them together for purposes of sentencing, so it will be one
14:48:41  22  guideline score and one sentence, not two separate sentences.
14:48:45  23  A.  Yes, sir.
14:48:45  24  Q.  All right.  Do you understand that in both cases there is a
14:48:51  25  minimum mandatory sentence of ten years in prison, and you can
```

14:48:55  1  get up to life in prison, followed by a term of supervised
14:48:59  2  release of at least five years, and up to life in each case and
14:49:04  3  a fine of up to $10 million in each case and that you are
14:49:16  4  agreeing that the ten-year minimum mandatory sentence applies to
14:49:20  5  you because the conspiracies to which you are pleading guilty
14:49:25  6  involved five kilograms or more of cocaine that are attributable
14:49:30  7  to you as a result of your own conduct and the conduct of other
14:49:33  8  conspirators that was reasonably foreseeable to you.
14:49:39  9          Do you understand that?
14:49:40 10  A.   Yes, sir.
14:49:41 11          THE COURT:  Okay.  You say that he is agreeing to waive
14:50:24 12  Indictment as to the type and amount of drugs, but I am looking
14:50:27 13  at the superseding Indictment in one case and the Indictment in
14:50:29 14  the other.  They both look like they are talking about five
14:50:32 15  kilograms of cocaine.
14:50:33 16          MR. LUNKENHEIMER:  Yes, Your Honor.  May I explain why
14:50:35 17  that paragraph is in there?
14:50:36 18          THE COURT:  Yes.
14:50:37 19          MR. LUNKENHEIMER:  As the Court I am sure is aware, the
14:50:41 20  recent Supreme Court decision talks about, I guess, the
14:50:46 21  reasonable foreseeability of the amounts of drugs in certain
14:50:49 22  cases and what has to be alleged in an Indictment.
14:50:52 23          In lieu of superseding for the second time in the case
14:50:56 24  that was initially assigned to Judge Lenard and include specific
14:51:04 25  language as to Mr. Johnson and what amount of drugs was, you

```
14:51:08   1  know, known by him or reasonably foreseeable by him by other
14:51:13   2  coconspirators, we put this language in here in consultation
14:51:15   3  with senior litigation counsel in our office to cover ourselves
14:51:19   4  based on that decision since we have not superseded in both
14:51:23   5  cases.
14:51:24   6            THE COURT:  All right.
           7  BY THE COURT:
14:51:24   8  Q.   Do you understand that, Mr. Johnson?
14:51:27   9  A.   Yes, sir.
14:51:28  10  Q.   All right.  Do you understand that in each case I must
14:51:31  11  impose a special assessment of $100 for a total of $200 at the
14:51:35  12  time of sentencing?
14:51:40  13  A.   Yes, sir.
14:51:43  14  Q.   All right.  Then there is a discussion of the calculations
14:51:46  15  of the guidelines which we already talked about, and it is part
14:51:52  16  of your plea that you agree fully to cooperate with the Office
14:51:56  17  of the United States Attorney.
14:51:56  18  A.   Yes, sir.
14:51:57  19  Q.   And what that means is you have to make yourself available
14:52:01  20  to meet with the prosecutor and/or the agents to prepare for
14:52:04  21  your testimony, and you have to appear and testify truthfully at
14:52:07  22  any hearings or proceedings or trial.
14:52:10  23  A.   Yes, sir, I understood that.
14:52:11  24  Q.   And what that means is, when I say you have to testify
14:52:14  25  truthfully, that means if you don't tell the truth, it is not
```

```
14:52:18   1    what you think the Government wants you to say.  The truth is
14:52:21   2    not what you think your codefendants may want you to say.  The
14:52:24   3    truth is what really happened.
14:52:27   4    A.  Sir, that's where I am.
14:52:29   5    Q.  Okay.  Do you also understand that even if you do cooperate,
14:52:35   6    it is entirely and solely up to the Office of the United States
14:52:38   7    Attorney to evaluate your cooperation and to determine if they
14:52:43   8    think it has been substantial enough either to ask me to depart
14:52:48   9    below the guidelines at the time of your sentencing; or if you
14:52:52  10    cooperate after your sentencing, it is up to them to decide
14:52:55  11    whether to file a motion to reduce your sentence based upon your
14:52:59  12    cooperation.  I cannot make them do that and you cannot make
14:53:03  13    them do that.
14:53:04  14    A.  Yes, sir, I understood.
14:53:13  15    Q.  You have also agreed to assist the United States Attorney's
14:53:15  16    Office in any proceedings to recover any monies or properties
14:53:21  17    that were derived as a result of these crimes and to assist them
14:53:25  18    in any forfeiture proceedings and that you have agreed to
14:53:32  19    forfeit any property or assets that you have obtained as a
14:53:36  20    result of these crimes, and you further agree to waive or give
14:53:38  21    up any claim or defense under the Eighth Amendment to the United
14:53:42  22    States Constitution to such a forfeiture would constitute an
14:53:49  23    excessive fine or penalty.
14:53:50  24    A.  Yes, sir, but I never made anything off of it.
14:53:59  25    Q.  Okay.  Other than what is in this written plea agreement,
```

```
14:54:01   1  has anybody made you any additional promises in order to get you
14:54:04   2  to plead guilty today?
14:54:06   3  A.  No, sir.
14:54:06   4  Q.  Has anybody forced you or threatened you or coerced you in
14:54:10   5  any way to get you to plead guilty?
14:54:12   6  A.  No, sir.
14:54:12   7  Q.  Are you pleading guilty of your own free will because you
14:54:15   8  are guilty?
14:54:21   9  A.  Yes, sir.
14:54:22  10  Q.  All right.  And do you understand that if I accept your
14:54:25  11  plea, you will be adjudicated guilty of two different felony
14:54:30  12  offenses; and if you are a United States citizen, you could lose
14:54:35  13  valuable civil rights, such as the right to vote, the right to
14:54:40  14  hold office, the right to serve on a jury and the right to
14:54:44  15  possess a firearm; and if you are not a United States citizen,
14:54:46  16  you will be removed or deported from the United States.
14:54:50  17          You will not be allowed to return to the United States.
14:54:53  18  You will not be allowed to later become a citizen of the United
14:54:57  19  States, and there are other adverse consequences to your
14:55:00  20  Immigration status as well.
14:55:01  21          Do you understand all that?
14:55:03  22  A.  Yes, sir.
14:55:06  23  Q.  All right.  Mr. Johnson, you originally entered a plea of
14:55:08  24  not guilty to both of these cases and I want you to understand
14:55:12  25  that you have an absolute right to continue to plead not guilty
```

```
14:55:15   1   and if you did, you would have the right to have a trial before
14:55:19   2   a judge or jury in each case.
14:55:23   3               During those trials, you have the right to have the
14:55:25   4   assistance of your attorney throughout the entire trial, the
14:55:29   5   right to confront and cross-examine the witnesses who testified
14:55:33   6   against you, the right to compel the attendance of witnesses to
14:55:37   7   testify on your behalf and to compel the production of documents
14:55:41   8   or other physical evidence to assist you in your defense.
14:55:45   9               You would have the right to testify or not testify and
14:55:48  10   if you chose to not testify, your silence could not be used
14:55:51  11   against you, and you would still be presumed to be innocent; and
14:55:55  12   if you lost the trial, you could appeal your conviction to a
14:55:58  13   higher court.
14:55:59  14               Do you understand that by pleading guilty this
14:56:02  15   afternoon, there will be no trial in either of your cases and
14:56:06  16   you are giving up all of those rights that you would have had at
14:56:09  17   a trial.
14:56:15  18   A.   Yes, sir.
14:56:17  19   Q.   All right.  And Mr. Johnson, back in March 2011, did you and
14:56:23  20   Miguel Angel Grau Pérez conspire with others to distribute
14:56:27  21   cocaine, knowing that the cocaine would be unlawfully imported
14:56:33  22   into the United States; and on March 22nd, 2011, did you and
14:56:43  23   Miguel Grau Pérez fly an airplane containing over 150 kilos of
14:56:47  24   cocaine from Venezuela to Honduras?  Did you later fly to
14:56:56  25   Curaçao, and were you detained in Curaçao, and did you know that
```

```
14:57:01   1   the cocaine was supposed to be imported into the United States?
14:57:05   2           Did you later meet with somebody who you later learned
14:57:09   3   was an undercover agent and admit that you had flown a load of
14:57:12   4   cocaine from Venezuela to Honduras and that the plane was in
14:57:19   5   Curaçao and had been detained in Curaçao?
14:57:23   6   A.  Yes, sir.
14:57:23   7   Q.  And from approximately March 11 through June 2012, did you
14:57:28   8   conspire with Herman Alberto Salamanca Nempeque and others to
14:57:38   9   import over 150 kilograms of cocaine into the United States and,
14:57:41  10   specifically, in mid-March 2011, did you agree to be a pilot of
14:57:46  11   a load of cocaine that was going to be flown from Venezuela to
14:57:49  12   Honduras and then to the Bahamas and then ultimately sent to the
14:57:54  13   United States, and did you have discussions with people who you
14:57:58  14   later learned were law enforcement officers posing as drug
14:58:02  15   dealers concerning the logistics for the cocaine load that you
14:58:06  16   were going to fly to the Bahamas, and did other codefendants
14:58:11  17   send money to those undercover law enforcement agents to arrange
14:58:17  18   for the shipment; and during one discussion in the Bahamas in
14:58:21  19   September 2011, did you and Dwight Clarke meet in person with an
14:58:27  20   undercover officer and show him a photograph of a plane that you
14:58:29  21   intended to use to fly the cocaine in?  Did you do that?
14:58:33  22   A.  Dwight Clarke showed the picture.  I didn't present him a
14:58:38  23   photo.
14:58:38  24   Q.  Were you there with him?
14:58:40  25   A.  I was present at the meeting, yes, sir.
```

```
14:58:43   1  Q.  Okay.  Are all those facts true that I just talked about?
14:58:46   2  A.  Yes, sir, I was present.
14:58:47   3  Q.  And everything else in this written factual proffer is true
14:58:51   4  and correct?
14:58:51   5  A.  Yes, sir.
14:58:52   6  Q.  All right.  So how do you plead to Count 1 of the
14:58:55   7  superseding Indictment in Case 11-20879 which charges you with
14:59:03   8  conspiracy to import five kilograms or more of cocaine into the
14:59:07   9  United States, and Count 1 of the Indictment in Case 12-20419-CR
14:59:14  10  Scola which charges you with a conspiracy to distribute over
14:59:19  11  five kilograms of cocaine that were intended for importation
14:59:22  12  into the United States.  How do you plead?  Do you plead guilty
14:59:28  13  or do you plead not guilty?
14:59:29  14  A.  Guilty.
14:59:29  15          THE COURT:  All right. I find that the defendant is
14:59:31  16  fully competent and capable of entering an informed plea; that
14:59:34  17  he is aware of the nature of the charges and the consequences of
14:59:37  18  the plea.  I further find that the plea is knowingly, freely and
14:59:42  19  voluntarily made and is supported by an independent basis in
14:59:47  20  fact which contains each of the essential elements to each of
14:59:50  21  the offenses to which he is entering a plea.
14:59:52  22          I am going to accept his plea of guilty to Count 1 in
14:59:56  23  each of the two cases.  I am going to adjudicate him guilty of
15:00:00  24  those two offenses.  I will order a presentence investigation
15:00:04  25  report.
```

```
15:00:04   1            When is the trial of the codefendant set?
15:00:10   2            MR. LUNKENHEIMER:  I don't believe any other
15:00:11   3   codefendants are currently in custody, Your Honor, in the two
15:00:14   4   cases.  They are all fugitives.
15:00:16   5            THE COURT:  It will not affect the sentencing date?
15:00:18   6            MR. LUNKENHEIMER:  No, it will not, Your Honor.
15:00:19   7            THE COURT:  All right.  So I will set sentencing for
15:00:22   8   Tuesday, May 20th at 8:30 a.m.  All right.  Is there anything
15:00:31   9   further from either the Government or the defense?
15:00:34  10            MR. LUNKENHEIMER:  Nothing on behalf of the Government,
15:00:36  11   Your Honor.
15:00:37  12            MR. DUNHAM:  No, Your Honor.  Thank you.
15:00:38  13            THE COURT:  All right.  Mr. Johnson, we will see you
15:00:40  14   back in a couple of months.  Good luck to you.
15:00:42  15            THE DEFENDANT:  Thank you, sir.
15:00:43  16            THE COURT:  All right.  Take care of that hip.
15:00:49  17            THE DEFENDANT:  Thank you.
15:00:51  18       [The proceedings conclude at 3:00 p.m., 2/21/14.]
          19                    C E R T I F I C A T E
          20       I hereby certify that the foregoing is an accurate
          21   transcription of proceedings in the above-entitled matter.
          22    _14 May 2015___                _____
                    DATE                       JOSEPH A. MILLIKAN, RPR-CM-NSC-FCRR
          23                                   Official United States Court Reporter
                                               Federally Certified Realtime Reporter
          24                                   Wilkie D. Ferguson Jr U.S. Courthouse
                                               400 North Miami Avenue, Suite 12-3
          25                                   Miami, FL  33128        305.523.5148
```